[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of the Department of Motor Vehicles, who suspended the plaintiff's license for a period of one year in accordance with section14-227b of the Connecticut General Statutes.
On August 26, 1989, the plaintiff was arrested for driving a motor vehicle while under the influence of liquor. He was asked to submit to a blood, breath, or urine test under section 14-227b of the Connecticut General Statutes, but refused to do so.
A hearing was held at the Motor Vehicle Department on January 4, 1990 and January 27, 1990 to determine whether or not his operator's license or operator's privilege should be suspended for failure to submit to the test in accordance with General Statutes section 14-227b. After the hearing, the plaintiff was notified that his license was to be suspended for one year.
Two issues have been raised on this appeal.
First, the plaintiff claims that the hearing officer CT Page 4938 did not have the right and authority to rely on double and triple hearsay to make a finding that the police officer had probable cause to arrest the plaintiff. Second, he claims that the hearing officer did not have the legal authority to suspend the plaintiff's license for one year when the statute provided that his license be suspended for only six months.
Issue 1.
At the hearing, Officer Grandbois testified that the plaintiff was observed by another officer (Szylo) driving in an erratic manner and that the plaintiff was intoxicated. Grandbois testified that although he himself did not see the plaintiff violate any rules of the road, he stopped the plaintiff "on Corporal Szylo's say so." Upon stopping the plaintiff, Officer Grandbois then determined through his own independent observation that the plaintiff had a moderate odor of liquor on his breath, that he performed field tests which he failed, and refused to take a breath test.
The court finds that Officer Grandbois was justified in stopping the plaintiff based on the information he received from Officer Szylo. The information had sufficient reliability to provide a reasonable and articulable suspicion to warrant an investigatory stop of the plaintiff's vehicle. State v. Anderson, 24 Conn. 438.
Issue 2.
The court finds that the hearing officer did in fact have the legal authority to suspend the plaintiff's license for one year. The plaintiff's license was suspended for his refusal to submit to a blood count and breath or urine test under section14-227b of the General Statutes. He had previously participated in the pretrial alcohol education system under General Statutes section 54-56g.
On August 26, 1989 (the date of his arrest) section14-227b provided in pertinent part:
 "(f) Upon receipt of a report of a refusal by a person . . . (3) who has previously participated in the pretrial alcohol education system under section 54-56g, the commissioner of motor vehicles shall immediately schedule a hearing concerning the suspension of any license . . . of such person . . . The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable CT Page 4939 cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor . . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle. Unless, after such hearing, the commissioner finds on any one of the said issues in the negative, the commissioner shall suspend such license or operating privilege of such person for a period of one year for such refusal to submit to such test. . ."
The plaintiff points out that the statute in effect on the date of the incident (August 26, 1989) was no longer in effect on the date of the hearing before the commissioner of motor vehicles, and that the statute in effect on the date of the hearing provided for a license suspension of only 6 months.
The court holds that the statute in effect on the date of the arrest is the applicable statute. General Statutes section 1-1(t) provides as follows:
 "The repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed."
Accordingly, the appeal is dismissed.
FRANCES ALLEN SENIOR JUDGE